UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
                Plaintiff, :
:
    -against- : No. 17-cr-80-FPG-HKS
:
AIDA RAMIREZ-ARELLANO, :
:
                Defendant. :
:
----------------------------------------------------------x

## SENTENCING MEMORANDUM ON BEHALF OF
## AIDA RAMIREZ-ARELLANO

Aida Ramirez Arellano is a 25-year-old mother of two with no criminal record. She is the sole caretaker of her U.S. citizen daughters, aged six and three. On December 11, 2017, she expects to enter a plea of guilty to, and proceed to sentencing for, one misdemeanor count of first-offense improper entry into the United States, in violation of 8 U.S.C. § 1325(a)(1) ("the count").

Ms. Ramirez respectfully submits this memorandum in support of a sentence of time served, which is "sufficient, but not greater than necessary" and avoids "unwarranted sentence disparities" among similarly situated defendants. 18 U.S.C. § 3553(a) (2012).

## LEGAL STANDARD

The count is a Class B misdemeanor and petty offense. *See* 8 U.S.C. § 1325(a); 18 U.S.C. §§ 19, 3559(a)(7). Accordingly, the U.S. Sentencing Guidelines do not apply. United States Sentencing Commission, Guidelines Manual, § 1B1.9 (Nov. 2016). In determining "whether to impose a sentence of imprisonment" or the term of such a sentence, a court should "consider the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582.

This memorandum provides information that the Court may find useful in evaluating the applicable § 3553(a) factors, including:

- the "history and characteristics of the defendant" and "nature and circumstances of the offense";
- the sufficiency of a sentence of time served to accomplish statutory goals of sentencing; and
- "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

§ 3553(a)(1)–(2), (6).

## MS. RAMIREZ'S HISTORY AND CHARACTERISTICS

Ms. Ramirez has lived in the United States continuously since mid-2014.  After living briefly in Pittsburgh, she and her husband, Miguel Ángel Sánchez Ocampo, settled in the Buffalo area to raise their daughters.  Ms. Ramirez currently lives in Kenmore, New York, a suburb of Buffalo, with her two minor daughters, A.S. and M.S.  A.S. was born in 2011 and is six years old.  M.S. was born in 2014 and is three years old.  Both are United States citizens.

Ms. Ramirez has no criminal record.  Letters from her friends and neighbors testifying to her good character and her devotion to her church, community, and daughters are attached to this memorandum.

On October 18, 2016, as part of an investigation targeting a restaurant owner, immigration agents carried out raids at four Mexican restaurants in the Buffalo area.  Ms. Ramirez's husband, a restaurant employee, was arrested at work, and Ms. Ramirez was arrested by immigration agents while caring for her children at home.  Her husband subsequently was convicted of illegal reentry and deported, leaving Ms. Ramirez as their daughters' sole caretaker.  Since his removal, Ms. Ramirez has been her daughters' only immediate family member in the United States.

### NATURE AND CIRCUMSTANCES OF THE OFFENSE AND
### THE SUFFICIENCY OF A SENTENCE OF TIME SERVED

Ms. Ramirez understands and acknowledges that it is criminal, and wrong, to enter the United States improperly. Before October 2016, Ms. Ramirez had never been charged with a crime in any country. The raids broke her family apart, and her husband remained in detention, including months in distant and sometimes out-of-state facilities, until his deportation. She regrets the pain that she has caused her family, and hopes to be able to reunite her daughters with her husband in Mexico as soon as possible.

Ms. Ramirez hopes to one day obtain permission to enter the United States legally, and understands that committing subsequent entry offenses would further jeopardize that goal. She also understands, and will be adequately deterred by, the escalating criminal and immigration consequences of subsequent entry offenses.

### NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES

A sentence of time served for Ms. Ramirez is needed to avoid "unwarranted sentence disparities" between Ms. Ramirez and other defendants found guilty of similar conduct and with similar records. 18 U.S.C. § 3553(a)(6). Of eleven defendants whose convictions on *felony* illegal

reentry charges related to the October 18 raids have been announced by the U.S. Attorney's Office, ten received time served.[1]

Each of these defendants pleaded guilty to a felony, more serious than the § 1325(a) misdemeanor to which Ms. Ramirez expects to plead guilty. Counsel has reviewed a sample of dozens of § 1325(a) misdemeanor convictions in this district, each of which also resulted in a sentence of time served.[2]

---

[1] Press Release, United States Attorney's Office for the Western District of New York, Five Men Convicted and Sentenced For Illegal Reentry (Nov. 23, 2016), https://www.justice.gov/usao-wdny/pr/five-men-convicted-and-sentenced-illegal-reentry; Press Release, United States Attorney's Office for the Western District of New York, Six Restaurant Employees Plead Guilty to Illegal Reentry Charges (Feb. 1, 2017), https://www.justice.gov/usao-wdny/pr/six-restaurant-employees-plead-guilty-illegal-reentry-charges; Judgment, *United States v. Sanchez-Ocampo*, No. 16-cr-174 (W.D.N.Y. Feb. 3, 2017), ECF No. 15; Judgment, *United States v. Lopez-Martinez*, No. 16-cr-175 (W.D.N.Y. Apr. 7, 2017), ECF No. 16; Judgment, *United States v. Valadez-Leon*, No. 16-cr-176 (W.D.N.Y. Feb. 3, 2017), ECF No. 12; Judgment, *United States v. Lopez-Cabrera*, No. 16-cr-177 (W.D.N.Y. Feb. 3, 2017), ECF No. 13.

Two of the defendants were convicted of illegal reentry after deportation subsequent to a felony conviction under § 1326(a), (b)(1), and faced a statutory maximum of ten years. Even so, one received time served. Judgment, *United States v. Hernandez-Martinez*, No. 16-cr-178 (W.D.N.Y. Apr. 24, 2017), ECF No. 15. The remaining defendant, Ms. Ramirez's husband, was sentenced to eight months of imprisonment. Judgment, *United States v. Sanchez-Ocampo*, No. 16-cr-172 (W.D.N.Y May 16, 2017), ECF No. 16.

[2] *See, e.g.*, Judgment, *United States v. Sawicka*, No. 16-mj-108 (W.D.N.Y. July 20, 2016), ECF No. 4; Judgment, *United States v. Da Silva*, No. 15-mj-2110 (W.D.N.Y. July 15, 2015), ECF No. 5; Judgment, *United States v. Veber*, No. 12-mj-149 (W.D.N.Y. Sept. 28, 2012), ECF No. 2; Judgment, *United States v. Iskandaryan*, No. 10-cr-349 (W.D.N.Y. June 28, 2011), ECF No. 27.

## CONCLUSION

In light of her background, the nature and circumstances of the offense, the sufficiency of a sentence of time served, and the need to avoid unwarranted sentence disparities, Ms. Ramirez respectfully requests that the Court impose a sentence of time served for the count.

Dated: New York, New York
December 7, 2017

Respectfully submitted,

s/Daniel P. Harris
Daniel P. Harris
Alejandro A. Herrera
*Attorneys for Aida Ramirez-Arellano*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel:  (212) 351-4000
Email: dpharris@gibsondunn.com