IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                      17-CR-80

AIDA RAMIREZ ARRELLANO,

                Defendant.
_____

## GOVERNMENT RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA,** by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, Jonathan P. Cantil, respectfully submits this response in opposition to the defendant's Sentencing Memorandum (Dkt. 38) and in support of the government's request for a sentence of imprisonment.

## PRELIMINARY STATEMENT

The government expects the defendant to plead guilty to a violation of Title 8, United States Code, Section 1325(a)(1). As noted in the defense sentencing memorandum, this violation is a Class B misdemeanor and a petty offense. The maximum penalties for this offense are six months imprisonment, a $5,000 fine, and a mandatory $10 special assessment. *See* 8 U.S.C. 1325(a); 18 U.S.C. 3571(b)(6). Because this is a Class B misdemeanor, the Sentencing Guidelines do not apply. For the reasons set forth below, the government respectfully requests the Court impose a term of imprisonment in this case.

## STATEMENT OF FACTS

On October 18, 2016, the defendant was found in the United States by Department of Homeland Security, Homeland Security Investigations agents. The defendant did not, and does not, have a lawful immigration status in the United States and entered the United States at a time and place other than as designated by immigration officers.

Though not charged in the Superseding Information, the defendant has previously unlawfully entered the United States. On July 16, 2014, the defendant was arrested by United States Border Patrol officers in the Rio Grande Valley and was administratively charged with being an alien illegally present in the United States. That same day, the defendant was ordered removed from the United States to Mexico via an Expedited Order of Removal under Section 235(b)(1) of the Immigration and Nationality Act. On July 17, 2014, the defendant was physically removed from the United States to Mexico and provided with Immigration Form (I-296), advising her that she could face criminal prosecution if she entered, attempted to enter, or were to be found in the United States without the permission of the United States Attorney General, or his successor, the Secretary of Homeland Security.

## DISCUSSION

Title 18, United States Code, Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." In determining the sentence, this Court must consider the following:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed--

   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)   to afford adequate deterrence to criminal conduct;

   (C)   to protect the public from further crimes of the defendant; and

   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for--

   (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

      (I)   Issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii)   that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

   (B)   In the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made by such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)   Any pertinent policy statement --

   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments

    have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a).

In executing these statutory responsibilities, the Court must "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 128 S.Ct. at 596. In determining whether the §3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." Id., at 597. In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661.

## The Court Should Impose a Sentence of Imprisonment

The nature and circumstances of this offense, along with the need for adequate deterrence in this case, demands a sentence of imprisonment. As outlined in the statement of facts, this is not the first time the defendant has unlawfully entered the United States. In July 2014, the defendant unlawfully entered the United States, was ordered removed, and told that if she unlawfully entered the United States again, she could face criminal prosecution. Despite this warning, the defendant again unlawfully entered the United States. This demonstrates a lack of respect for the law and a need to deter the defendant from engaging in

this conduct again in the future. A sentence of imprisonment would be sufficient but not greater than necessary to deter the defendant from engaging in this same conduct again in the future.

## CONCLUSION

For all the above stated reasons the government respectfully requests the court impose a sentence of incarceration.

DATED: Buffalo, New York, December 11, 2017.

                                          JAMES P. KENNEDY, JR.
                                          United States Attorney

BY:  */S/JONATHAN P. CANTIL*
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5795
       Jonathan.Cantil@usdoj.gov